AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America <br> v. <br> Marcos Mosquera, <br> Welinton Manuel Martinez, <br> Julio Antonio Siprian Del Rossario <br><br> *Defendant(s)* | Case No. 8:21 MJ 1809 TGW |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 7, 2021__ in the county of __Hillsborough__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503 and 70506 <br> 21 U.S.C. § 960(b)(1)(B)(ii) | Conspiracy to distribute and possess with intent to distribute (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Retzilu Rodriguez, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Aug 13, 2021

_____
Judge's signature

City and state: Tampa, Florida

Thomas G. Wilson, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Retzilu Rodriguez, being duly sworn, depose and state:

### Introduction and Agent Background

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), currently assigned to the Tampa District Office. I have been a law enforcement officer for approximately 17 years. I have conducted criminal investigations involving domestic and international drug trafficking organizations. I have worked with other federal, state, and local agencies in conducting these investigations. I have conducted numerous investigations involving the manufacturing and sale of methamphetamine, cocaine, and the diversion of scheduled pharmaceutical drugs.

2. Since November 2016, I have been assigned as a Special Agent to the Operation Panama Express Strike Force. Operation Panama Express is a federal Organized Crime Drug Enforcement Task Force ("OCDETF") investigation being conducted by the Federal Bureau of Investigation ("FBI"), Drug Enforcement Administration ("DEA"), Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), the Coast Guard Investigative Service ("CGIS"), the United States Coast Guard ("USCG"), and state and local law enforcement agencies. Investigations initiated by Operation Panama Express are prosecuted in the Middle District of Florida (Tampa Division). Agents assigned to Operation Panama Express currently investigate cocaine and marijuana smuggling organizations that are responsible for the transportation of cocaine and marijuana through international waters of the Caribbean Sea and Pacific Ocean via maritime

vessels to transshipment locations for later introduction and distribution into the United States.

### Statutory Authority

3. I submit this affidavit in support of a criminal complaint charging that beginning on an unknown date and continuing through on or about August 7, 2021, while on board a vessel subject to the jurisdiction of the United States, the defendants, MARCOS MOSQUERA, WELINTON MANUEL MARTINEZ and JULIO ANTONIO SIPRIAN DEL ROSSARIO, did knowingly and willfully combine, conspire, and agree with each other and with other persons, to distribute and to possess with intent to distribute five kilograms or more of cocaine, a Schedule II controlled substance, in violation of Title 46, United States Code Sections 70503 and 70506, and Title 21, United States Code, Section 960(b)(1)(B)(ii).

4. The averments contained in this Affidavit are based on my personal knowledge and/or reliable information related to me by other law enforcement officers with whom I have worked on this investigation. Because of the limited purpose of this affidavit, however, I have not included each and every fact known to me or other law enforcement agents concerning this investigation. I have included only those facts I believe are necessary to establish probable cause supporting the requested complaint.

### Probable Cause

5. The United States Coast Guard ("USCG") has authority under 14 U.S.C. § 89 to make inquiries, examinations, inspections, searches, seizures, and

arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce United States law.

6. On August 7, 2021, while on routine patrol, Royal Fleet Auxiliary (RFA) WAVEKNIGHT's airborne use of force (AUF) helicopter detected a go-fast vessel (GFV) operating approximately 150 nautical miles south of Santo Domingo, Dominican Republic, in international waters with packages on deck. The RFA WAVEKNIGHT was in the area with a USCG law enforcement detachment team (LEDET) on board and diverted to intercept the GFV. The RFA WAVEKNIGHT received a Statement of No Objection (SNO) and Use of Force (UOF) authorization for a Right of Visit (ROV) boarding and up to and including warning shots and/or disabling fire on a non-compliant low-profile GFV reasonably suspected of drug smuggling in international waters.

7. RFA WAVEKNIGHT launched a small boat (RHIB), but prior to its arriving on scene, the GFV began to jettison packages and then engaged in stop-and-go tactics. The RHIB was able to recover a total of eight bales from the bale field. RFA WAVEKNIGHT maintained visual on radar, then redeployed the helicopter and obtained Use of Force (UOF) authorization for a Right of Visit (ROV) boarding and up to and including warning shots and/or disabling fire on a non-compliant vessel. The GFV ultimately complied without the employment of warning shots or disabling fire. Members of the USCG LEDET intercepted the GFV, which was the only non-government vessel in the surrounding area.

8. The USCG boarding team conducted a ROV boarding to determine the nationality of the vessel, if any. During the ROV boarding, the USCG LEDET was not able to identify a master of the GFV or nationality for the vessel, therefore USCG District 7 granted a SNO to treat the vessel as one without nationality, and therefore subject to the laws of the United States.

9. On board the GFV, the USCG boarding team found three crewmembers: MARCOS MOSQUERA, WELINTON MANUEL MARTINEZ and JULIO ANTONIO SIPRIAN DEL ROSSARIO. The USCG LEDET conducted two Narcotics Identification Kit tests on packages from the recovered bales. The results of both tests were positive for cocaine. The USCG District 7 authorized USCG LEDET to conduct a full law enforcement boarding and ultimately authorized treating the three crewmembers as detainees. The packages were weighed by members of the USCG LEDET and the weight was approximately 216 kilograms (at-sea weight).

10. RFA WAVEKNIGHT sank the GFV as a navigation hazard and detained the three defendants.

## CONCLUSION

11. Based upon the foregoing information, I respectfully submit that probable cause exists to believe that the following three defendants named herein, MARCOS MOSQUERA, WELINTON MANUEL MARTINEZ and JULIO ANTONIO SIPRIAN DEL ROSSARIO, while on board a vessel subject to the jurisdiction of the United States, knowingly and willfully combined, conspired, and

agreed with each other and with other persons to distribute and possess with intent to distribute a quantity of cocaine, a Schedule II controlled substance, in violation of Title 46, United States Code Sections 70503 and 70506, and Title 21, United States Code, Section 960(b)(1)(B)(ii).

_____
Retzilu Rodriguez
Special Agent, FBI

Affidavit ~~submitted by email and~~ sworn to as true and accurate ~~by telephone;~~ in person consistent with Fed R. Crim. P. 4.1 and 4(d) on this 12th day of August 2021.

_____
THE HONORABLE
United States Magistrate Judge